STONE, J.
We affirm a final judgment finding Chevron U.S.A., Inc. in breach of a purchase and sale agreement that it entered into with First Citizens Premises Company, Inc.
The trial court did not err, as a matter of law, in determining that a latent ambiguity existed in the contract which rendered its application uncertain. See Bd. of Trs. of Internal Improvement Trust Fund v. Lost Tree Vill. Corp., 805 So.2d 22 (Fla. 4th DCA 2001)(holding that the existence of an ambiguity is a question of law and the ambiguity must then be resolved as a question of fact). We also find no error in the trial court’s resolution of the ambiguity as it was supported by competent, substantial evidence. See Dinallo v. Gunster, Yoakley, Valdes-Fauli & Stewart, P.A., 768 So.2d 468, 471 (Fla. 4th DCA 2000)(holding that where there is an ambiguity in the contract, the trial court’s interpretation of contract will be affirmed if supported by competent substantial evidence).
We do not address the general applicability of section 376.308(5), Florida Statutes (1997), in that we conclude the statute has no effect on the pre-existing agreement between the two parties. See Hassen v. State Farm Mut. Auto. Ins. Co., 674 So.2d 106, 108 (Fla.1996)(holding that in the absence of clear legislative intent to the contrary, an enactment that affects substantive rights or creates new obligations or liabilities is presumed to apply prospectively).
As to all other issues we find no error or abuse of discretion and affirm.
POLEN, C.J. and STEVENSON, J., concur.